UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM MORENO, | ) | CASE NO. 4:10 CV 0824 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J. T. SHARTLE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the court is pro se petitioner William Moreno's above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Moreno, who is incarcerated at the Federal Correctional Institute's Federal Satellite Low facility in Elkton, Ohio (F.C.I./FSL Elkton), names F.C.I. Elkton Warden J.T. Shartle, Health Services Administrator Janet Bunts and Unit Manager Alex Fekete as respondents. Petitioner seeks transfer to a minimum security camp with amenities for the handicapped/disabled.

*Background*

Petitioner is serving a 160 month sentence after his conviction for conspiracy to

distribute 50 grams or more of methamphetamine and 100 grams or more of a substance containing marijuana.[1] Since March 6, 2007, petitioner has been imprisoned at F.C.I. Elkton. His scheduled release date is September 9, 2014.

Mr. Moreno alleges "an erroneous medical evaluation by PA Ward . . . fueled by condescension and malcontent . . . led to [his] . . . eventual designation to the 'work cadre' at FSL Elkton with NO amenities for the handicapped/disabled." (Pet. at 1-2.) He filed a Request for Administrative Remedy on April 7, 2009 to address this complaint. The Assistant Health Services Administrator responded by stating petitioner's care level needs were being addressed. Mr. Moreno deemed the response inadequate and appealed to the warden.

Warden Shartle replied to the appeal on June 2, 2009. He acknowledged that when petitioner arrived at F.C.I. Elkton he had a "history of asthma, high blood pressure, high cholesterol, bilateral hip replacements, past back surgery, obesity, anxiety disorder and nail fungus." (Pet.'s Ex. C., Req. Admin. Rem. of 6/2/09.) The prison assigned petitioner a lower bunk, a "TENS unit" for pain control, and a sedentary work detail. Because F.C.I. Elkton is a Care Level II facility, the warden explained the prison provides a range of specialty services, including the following specialties (all of which Mr. Moreno has taken advantage since his arrival): Endocrinology, Optometry, Orthotics, x-rays, and Laboratory Diagnostics. Ultimately, the warden denied his request stating: "Based on your current medical condition, you remain a Care Level II inmate at this time. You do not meet medical criterial for medical transfer to a Care Level III camp facility. In addition, F.C.I. Elkton and FSL Elkton remain handicap accessible to all inmates." Id. Warden

---

[1] He claims this sentence reflects a downward adjustment to his original sentence of 220 months.

Shartle added that "Health Services will continue to follow you in Chronic Care." Id.

Mr. Moreno appealed the warden's denial. He asserted that F.C.I. Elkton does not have "amenities" for the handicap or disabled in the work cadre unit. Specifically, he stated there are no handicap accessible toilets, showers, or seating in the work cadre unit. He describes himself as a totally disabled veteran with various handicaps. While he acknowledges his work assignment is sedentary, the fact the prison's work cadre unit is allegedly inadequate for the disabled necessitates a transfer. He did not dispute that a Care Level II camp is appropriate, he just asserted F.C.I. Elkton does not meet the standard of a Care Level II prison in the work cadre unit. Thus, he requested transfer to another Care Level II facility with amenities for the handicap.

On appeal, Regional Director D. Scott Dodrill denied petitioner's request. He asserted Mr. Moreno was properly transferred to the work cadre at F.C.I. Elkton on May 15, 2009. Based on petitioner's classification and medical needs, Mr. Dodrill determined a transfer would not be warranted as of his July 15, 2009 determination. Before filing in this court, Mr. Moreno contacted the Department of Justice, Civil Rights Division to "obtain basis human rights as a disabled veteran." (Letter from Moreno to DOJ of 6/29/09.) Kathleen Kenney, BOP's General Counsel within the Disability Rights Section, replied to petitioner in a letter dated November 25, 2009. She explained the matter was beyond the scope of her office's jurisdiction. She suggested Mr. Moreno may have a section 504 claim under the Rehabilitation Act. Petitioner replied in a follow up letter, again, requesting a transfer to a minimum/out institution. Ms. Kenney replied on March 12, 2010 and stated his request was already addressed through the administrative process on October 8, 2009.

*Analysis*

Petitioner cites Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) to argue that any unlawful restraint of personal liberty may be inquired into on habeas corpus. Id. at 242. Moreover, he claims that while he is in lawful confinement, he cannot be deprived of rights that make his imprisonment more burdensome than necessary. Relying on Coffin v. Richard, 143 F.2d 443 (6th Cir. 1943), Mr. Moreno asserts his current confinement at F.C.I. Elkton is more burdensome than necessary because the prison camp's work cadre unit lacks amenities for the handicapped. He asserts the respondents are in violation of the Eighth Amendment because they are deliberately indifferent to his medical needs. This includes the ability to take care of his sanitary needs.

28 U.S.C. §2241

When a prisoner challenges the conditions of his or her confinement but not the fact or length of his custody, the proper mechanism is a civil rights action under 42 U.S.C. § 1983. Preiser v. Rodriguez, 411 U.S. 475, 499(1973). The cases cited by Mr. Moreno do not support the relief he seeks in this petition. In Coffin, the Sixth Circuit reversed the dismissal of a habeas petition filed by a prisoner who was serving his federal sentence at a prison hospital. In reaching its decision, the Sixth Circuit noted that the petition also raised an issue as to the petitioner's physical and mental condition at the time he signed a confession and entered a guilty plea. Id. at 444. It was under these circumstances that the Circuit held the district court could also consider the petitioner's allegations concerning unconstitutional conditions of his confinement. Id. at 445. Coffin does not hold that a challenge to a prisoner's conditions of confinement is cognizable in habeas without an underlying challenge to the validity of the petitioner's conviction or sentence. More important, the

decision in Coffin appears to be inconsistent with Preiser. Since the Court decided Preiser rarely has Coffin or the later Armstrong v. Cardwell, 457 F.2d 34, 35 (6th Cir.1972) decision, which relied on Coffin, been cited as controlling law.

Because the procedural requirements for habeas petitions and § 1983 or Bivens[2] actions differ, a court confronted with a habeas petition that is properly brought under § 1983 or Bivens should dismiss the petition, rather than "converting" the petition to a § 1983 or Bivens action. Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir.2004); see Okoro v. Scibana, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15, 1999) ("The district court properly dismissed Okoro's conditions of confinement claim, because it is not the type of claim that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement."). Because Mr. Moreno is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243.

*Conclusion*

Based on the foregoing, the petition is DISMISSED without prejudice to his right to assert this claim in a Bivens action. 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 8/12/10*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] Because Mr. Moreno asserts an injury of his constitutional rights by federal employees the court construes it as action being filed solely under the Bivens doctrine. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).